# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| Castille, et al | Civil Action No. 6:12-cv-02892 |
| versus | Magistrate Judge Carol B. Whitehurst |
| Apache Deepwater LLC, et al | By Consent of the Parties |

## ORDER

Before the Court is Plaintiffs' Rule 19 Motion To Compel Zurich American Insurance Company ("Zurich") And Total Safety U.S., Inc. ("Total Safety") As Required Joinder Of Parties Filed By Plaintiffs, Rory Castille And Natasha Castille, And Alternative Memorandum In Support Of Declaratory Judgment Under 28 U.S.C. § 2201 [Rec. Doc. 266] and Defendant, Apache Deepwater LLC's ("Apache"), Memorandum In Response To Plaintiffs' Motion To Compel [Rec. Doc. 272].

Plaintiffs in this action have pending claims under OCSLA against Apache as a result of an accident that occurred on October 13, 2012, while Plaintiff, Rory Castille, was employed by Total Safety on Apache's fixed platform, WC 111F, in the Gulf of Mexico. Apache and Total Safety entered into a contractual indemnity agreement via a Master Service Agreement ("MSA") wherein Total Safety would provide all contractual indemnity and defense to Apache.[1] Total Safety accepted this

---

[1] Plaintiffs do not indicate whether or not Total Safety's Comprehensive General Insurance carrier made any such agreement.

agreement and at no time invoked the protection of the Louisiana Oilfield Anti-Indemnity Act, La. R.S. 9:2780 ("LOAIA"). The MSA also contained a Waiver of Subrogation clause mandating that Total Safety and/or its workers' compensation insurer, Zurich, waive any and all rights of subrogation. Following the accident at issue, Plaintiff received payment of workers' compensation benefits. According to Plaintiff, the payment of such benefits were presumably paid in part by Zurich through a Worker's Compensation Insurance policy and in part by Total Safety based on a Self Insured Retention ("SIR") held by Total Safety.

In their motion, Plaintiffs express concern that despite the Waiver of Subrogation agreement between Apache and Zurich/Total Safety, Zurich/Total Safety "may attempt to assert subrogation rights if and when a positive verdict is rendered and final judgment in favor of Plaintiff is secured." *R. 266-1, p. 4.* In other words, if Plaintiffs are awarded a judgment against Apache, Zurich/Total Safety will oppose the applicability of the waiver of subrogation agreement under the LOAIA and seek to get back any worker's compensation funds they paid to Plaintiff out of the proceeds that Plaintiff's recovers from Apache.

Plaintiffs assert that in the event Zurich/Total Safety made any such attempt, Zurich would be bound by the Waiver of Subrogation agreement that Total Safety entered into with Apache and both would be bound to Plaintiffs just as Apache would

2

have been. Plaintiffs also assert that "the tenets of *Fontenot v. Chevron"* would prevent Zurich/Total Safety from claiming protection under the LOAIA.[2]

In its Memorandum in Response, Apache states that it has no objection to the Court ordering "Zurich and Total Safety to enter into this case to protect their subrogation rights" or "to a declaratory action between Zurich, Total Safety and the Plaintiffs... [as to] whether those subrogation rights have been waived by Total Safety and/or Zurich." *R. 272*.

Based on the record and long history of this action, as well as Plaintiffs' Motion and Apache's Response, the Court will construe Plaintiffs' Motion as one to amend its Complaint and add a Declaratory Judgment action against Total Safety and Zurich. In light of the pending trial scheduled on April 30, 2018, the Court finds that such action will be an efficient and cost-effective way to make a determination as to the existence of any "subrogation rights" of Total Safety and Zurich. Because this case is one in which the parties' have consented to the undersigned to adjudicate, in order to amend Plaintiffs' Complaint and proceed, Total Safety and Zurich must execute an AO

---

[2] In *Fontenot v. Chevron U.S.A., Inc.*, 676 So.2d 557, 563–566 (La. 1996), the Louisiana Supreme Court examined whether the LOAIA applied in determining the validity and interpretation of a waiver of subrogation clause in a workers compensation insurance policy. Pursuant to its workover contract with Chevron U.S.A., Inc., ("Chevron") contractor, Hercules Offshore Drilling Company, ("Hercules") agreed to provide its employees with LHWCA payments and further agreed to waive its, and its insurer's right of subrogation for reimbursement of such workers' compensation benefits.

85 form "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," agreeing to consent to the undersigned.[3] Such consent would ONLY apply to resolving the Declaratory Judgment action. Upon such resolution any claims involving Zurich and Total Safety would be terminated. In the event they do not consent, the Court will sever the Declaratory Judgment Action and a new action number and district judge (existing or unassigned in the Western District) will be assigned. Accordingly,

**IT IS ORDERED** that Plaintiffs' Rule 19 Motion To Compel Zurich American Insurance Company And Total Safety U.S., Inc. As Required Joinder Of Parties Filed By Plaintiffs, Rory Castille And Natasha Castille, And Alternative Memorandum In Support Of Declaratory Judgment Under 28 U.S.C. § 2201 [Rec. Doc. 266] is **GRANTED IN PART** as to Plaintiffs' Alternative Memorandum in Support of Declaratory Judgment Under 28 U.S.C. § 2201.

**IT IS FURTHER ORDERED** that Plaintiffs are to file their Amended Complaint to state a Declaratory Judgment action against Zurich American Insurance Company and Total Safety U.S., Inc. within seven days of the date of this order. Plaintiffs are to effect service of process of the amended Complaint upon Zurich

---

[3] In order to effect a transfer of this case to the Magistrate Judge, the parties must execute and file an AO 85 form "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which form can be found on this Court's website, www.lawd.uscourts.gov, "Forms" Tab, "AO Forms" - "National Forms," "Civil Forms." (on left margin, 4th Selection) "AO 85". Fill out AO 85 and send to the Clerk of Court at lawdml_consents@lawd.uscourts.gov (found on the first page of the website under "Clerk's Office" tab).

American Insurance Company and Total Safety U.S., Inc. through its agent for service of process, and file proof of such service in the record of this proceeding.

**THUS DONE AND SIGNED** at Lafayette, Louisiana, this 31st day of January, 2018.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE